Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 5144 47

MCGUIRE LUMBER AND SUPPLY, INC.
RALEIGH OSBORNE
PO BOX 35
WYLLIESBURG, VA 23976



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

Control Number: 238242
Defendant: MCGUIRE LUMBER AND SUPPLY, INC.
PO BOX 35
WYLLIESBURG, VA 23976 US

Agent: RALEIGH OSBORNE
County: Kanawha
Civil Action: 19-C-471
Certified Number: 92148901125134100002514447
Service Date: 5/13/2019

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State



EXHIBIT A

CIVIL SUMMONS

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHE BLANKS and
MARIEL BLANKS,

    Plaintiffs,

vs.                                         CIVIL ACTION NO. 19-C-471

MCGUIRE LUMBER AND SUPPLY, INC.
c/o Its Registered Agent
Raleigh E. Osborne
P. O. Box 35
Wylliesburg, VA 23976

CANADA TRUCKING LLC
c/o Its Registered Agent
Jeff Canada
1569 Jeb Stuart Highway
Red Oak, VA 23964
    and
TINA GRISSOM EVANS
5990 Scuffletown Road
Randolf, VA 23976

    Defendants.

TO THE ABOVE-NAMED DEFENDANT:

    MCGUIRE LUMBER AND SUPPLY, INC.
    c/o Its Registered Agent
    Raleigh E. Osborne
    P. O. Box 35
    Wylliesburg, VA 23976

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Che Blanks and Mariel Blanks' counsel, Teena Y. Miller, whose address is Gold, Khourey & Turak, L.C., 510 Tomlinson Avenue, Moundsville, WV 26041, a filed ANSWER including any related counterclaim you may have to the Complaint filed against you in the above-

styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (30) days after service of this Civil Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated 5/8/19

**Cathy S. Gatson, Clerk**

Clerk of Court  by Catlino

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHE BLANKS and
MARIEL BLANKS,

    Plaintiffs,

vs.

MCGUIRE LUMBER
AND SUPPLY, INC.,

CANADA TRUCKING LLC,

and

TINA GRISSOM EVANS,

    Defendants.

2019 MAY -8 P 2: 27

KANAWHA COUNTY CIRCUIT COURT

CIVIL ACTION NO. 19-C-471

JUDGE: Bloom

**JURY DEMAND ENDORSED HEREON**

## COMPLAINT

COME NOW, Plaintiffs Che Blanks and Mariel Blanks, by and through their counsel, and for their Complaint, state and allege as follows:

### Parties

1. Plaintiffs Che Blanks and Mariel Blanks are residents of Euclid, Ohio who were injured at or near Milepost 82 of Interstate 77 South in Cabin Creek, Kanawha County, West Virginia when a load of steel fell off Defendants' hydroplaning tractor trailer and crashed into Plaintiffs' vehicle, as set forth in more detail herein.

2. Defendant McGuire Lumber and Supply, Inc. ("McGuire Lumber"), is a corporation organized and existing under the laws of the Commonwealth of Virginia, with a principal place of business located at P.O. Box 35, Wylliesburg, Virginia 23976.

3. Defendant McGuire Lumber's registered agent for service of process is Raleigh E. Osborne, P.O. Box 35, Wylliesburg, Virginia 23976.

4. Defendant McGuire Lumber does business as a nationwide interstate motor carrier, operating under U.S. DOT Number 84339, and transports regulated commodities, including metal sheet, machinery, lumber, building materials, and construction cargo nationwide, including within, from, to, and/or through the State of West Virginia.

5. Defendant Canada Trucking LLC ("Canada Trucking") is a limited liability company organized and existing under the laws the Commonwealth of Virginia, with a principal place of business located at 1569 Jeb Stuart Highway, Red Oak, Virginia 23964.

6. Defendant Canada Trucking's registered agent for service of process is Jeff Canada, 1569 Jeb Stuart Highway, Red Oak, Virginia 23964.

7. Defendant Canada Trucking does business as a nationwide interstate motor carrier operating under U.S. DOT Number 788343, and provides commercial over-the-road transportation services including specialized, flatbed, or heavy haul driving of logs, poles, beams, lumber, and steel nationwide, including within, from, to, and/or through the State of West Virginia.

8. Defendant Tina Grissom Evans resides at 5990 Scuffletown Road, Randolf, Virginia 23976.

9. At all times pertinent hereto, Defendant Evans was employed by and/or was an agent of McGuire Lumber and/or Canada Trucking and was operating the subject commercial motor vehicle in the State of West Virginia on behalf of McGuire Lumber and/or Canada Trucking.

### Jurisdiction

10. Plaintiffs restate, reallege, and incorporate herein Paragraphs 1 through and including 9 above as if set forth fully herein.

11. This Honorable Court has subject matter jurisdiction over the claims set forth herein pursuant to Article VIII, Section 6 of the West Virginia Constitution and W. Va. Code § 51-2-2.

12. This Honorable Court has personal jurisdiction over each and every defendant in that they conducted business in the State of West Virginia at all times material and relevant herein and committed acts and/or omissions in the State of West Virginia, which acts and/or omissions caused tortious injury to Plaintiffs.

## Venue

13. Plaintiffs restate, reallege, and incorporate herein Paragraphs 1 through and including 12 above as if set forth fully herein.

14. Venue is proper in this Court pursuant to W. Va. Code § 56-1-1 in that all material acts and omissions described herein occurred in Kanawha County, West Virginia and/or Plaintiffs' cause of action arose in Kanawha County, West Virginia.

## Count I
### Negligence Claims against All Defendants

15. Plaintiffs restate, reallege, and incorporate herein Paragraphs 1 through and including 14 above as if set forth fully herein.

16. On or about May 12, 2017, Defendant Tina Grissom Evans was operating a commercial motor vehicle southbound on Interstate 77, at or near Milepost 82, located in Cabin Creek, Kanawha County, West Virginia, during heavy and hazardous rain conditions, when she, *inter alia*, failed to exercise extreme caution, failed to reduce her speed, failed to discontinue use of her commercial motor vehicle, and/or failed to maintain control of her commercial motor vehicle, thereby causing her commercial motor vehicle to hydroplane, run off the highway, strike the guardrail to the right of the highway, jack-knife in the highway, and then lose its load of steel being hauled on its trailer, which load of steel then collided with and impacted into Plaintiffs' vehicle, causing Plaintiffs to suffer serious and substantial physical and emotional bodily injury and other damages as set forth herein.

3

17. Among other things, Defendant Evans owed a duty, but negligently failed, to:

　　a.　properly distribute, adequately secure, inspect, maintain, and transport the cargo and the devices used to secure the cargo contained within, on, about, and/or in her commercial motor vehicle;

　　b.　exercise extreme caution in the operation of her commercial motor vehicle during hazardous driving conditions caused by rain, fog, and/or mist;

　　c.　perform the required pre-trip, during-trip, and post-trip vehicle inspections;

　　d.　appropriately plan her route of travel;

　　e.　manage space around her commercial motor vehicle;

　　f.　maintain reasonable and safe control of her commercial motor vehicle;

　　g.　follow pavement markers;

　　h.　reduce her driving speed and/or stop driving during heavy rain conditions;

　　i.　keep a proper lookout;

　　j.　reasonably judge the closeness of Plaintiffs' vehicle;

　　k.　maintain a proper direction of travel;

　　l.　exercise due care;

　　m.　safely maneuver her commercial motor vehicle;

　　n.　move when it was safe to do so;

　　o.　avoid becoming a hazard to the motoring public;

　　p.　remain reasonably alert;

　　q.　drive without confusion;

　　r.　drive without distraction;

　　s.　drive in compliance with the required hours-of-service;

      t.     drive while not fatigued;

      u.    drive while medically, physically, and mentally fit; and

      v.    comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations.

18. Defendant Evans' negligent, careless, and reckless conduct in the care, management, and/or operation of her commercial motor vehicle, including but not limited to operating her commercial motor vehicle at speeds too great for the hazardous conditions that existed, failing to properly distribute and/or adequately secure her cargo, and failing to maintain control of her commercial motor vehicle, created a hazard for the motoring public, including Plaintiffs Che Blanks and Mariel Blanks, and was the direct and proximate cause of the collision in which Plaintiff Che Blanks and Mariel Blanks were injured.

19. Defendant Evans' wrongful conduct constitutes *prima facie* evidence of negligence and/or negligence *per se* and was the proximate cause of the collision with Plaintiffs' vehicle and the resulting harm and damage to Plaintiffs' property and bodies.

20. At all times relevant hereto, Defendant Evans was an employee, agent, leased driver, and/or servant of McGuire Lumber and/or Canada Trucking and was acting in the course and scope of her agency and/or employment with McGuire Lumber and/or Canada Trucking, each and/or both of which are responsible for the conduct of Defendant Evans under principles of *respondeat superior*.

21. At all times relevant hereto, the tractor of the commercial motor vehicle described herein was operating under U.S. DOT Number 84339 registered to Defendant McGuire Lumber, which is therefore responsible for the conduct of Defendant Evans as a matter of law.

22. Irrespective of the employment/contractual relationship, Defendant McGuire Lumber is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of Tina Grissom Evans as a matter of law.

23. At all times relevant hereto, the trailer of the commercial motor vehicle described herein was operating under U.S. DOT Number 788343 registered to Defendant Canada Trucking, which is therefore responsible for the conduct of Defendant Evans as a matter of law.

24. Irrespective of the employment/contractual relationship, Defendant Canada Trucking is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of Tina Grissom Evans as a matter of law.

25. As a direct and proximate result of the defendants' negligence and the negligence of McGuire Lumber's and/or Canada Trucking's agents and employees, including but not limited to Tina Grissom Evans, Plaintiffs suffered in the past and/or may suffer in the future substantial and permanent injuries; pain of body and mind; mental anguish; emotional distress; loss of enjoyment of life; medical expenses; loss of wages, earning capacity, and other employment related benefits; loss of ability to perform household services; and all other losses and damages permitted by applicable law.

### Count II
### Direct Liability Claims against Defendants
### McGuire Lumber and Canada Trucking

26. Plaintiffs restate, reallege, and incorporate herein Paragraphs 1 through and including 25 above as if set forth fully herein.

27. The 2005 Kenworth Tractor and 2014 Great Flatbed Trailer involved in the subject collision constituted a commercial motor vehicle operated by and under the direct control of Tina Grissom Evans, but were respectively owned and/or leased by McGuire Lumber and/or Canada Trucking and were being used on behalf of and for the benefit of McGuire Lumber and/or Canada Trucking at all times relevant hereto.

28. The operation, maintenance, and control of the Kenworth Tractor and Great Flatbed Trailer were governed, licensed, supervised, and regulated by State and Federal regulations, and as such were pursuant to a certificate of authority given to McGuire Lumber and/or Canada Trucking to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other government regulatory body.

29. McGuire Lumber and Canada Trucking were each negligent with respect to vehicle inspection, repair, and maintenance of the Kenworth Tractor and Great Flatbed Trailer and were further negligent in:

    a. failing to properly distribute, adequately secure, and inspect the cargo and the devices used to secure the cargo contained within, on, about, and/or in the commercial motor vehicle at issue herein;

    b. requiring and/or permitting Defendant Evans to operate her commercial motor vehicle with cargo that was not properly distributed and/or adequately secured;

    c. failing to monitor the weather for adverse or hazardous driving conditions;

    d. permitting, directing, and/or instructing Defendant Evans to operate her commercial motor vehicle during such adverse and/or hazardous conditions; and/or

    e. failing to equip the subject commercial motor vehicle with safety equipment (including but not limited to traction control; geopositional satellite (gps); telematics

systems; fleet tracking; electronic logging devices; and/or other safety equipment) that likely would have prevented the within accident.

30. McGuire Lumber and Canada Trucking's negligent, wrongful, careless, and/or reckless acts and/or omissions and conduct as set forth herein were a direct and proximate cause of Plaintiffs' injuries and damages as set forth herein.

31. In addition, Tina Grissom Evans was not competent and/or legal to operate the subject commercial motor vehicle at the time of the collision, which incompetence and/or illegality was known or should have been known by McGuire Lumber, Canada Trucking, and/or their agents. As a consequence, McGuire Lumber, Canada Trucking, and/or its agents, were negligent in entrusting the commercial motor vehicle to Tina Grissom Evans, which negligence was a direct and proximate cause of Plaintiffs' injuries and damages as set forth herein.

32. Plaintiffs further state that McGuire Lumber, Canada Trucking, and/or its agents were negligent in hiring, training, supervising, dispatching, route management, route planning, and/or retaining Tina Grissom Evans as a commercial motor vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of Plaintiffs' injuries and damages as set forth herein.

33. As a direct and proximate result of the negligent acts and/or omissions of McGuire Lumber, Canada Trucking, and/or its agents, Plaintiffs suffered in the past and/or may suffer in the future substantial and permanent injuries; pain of body and mind; mental anguish; emotional distress; loss of enjoyment of life; medical expenses; loss of wages, earning capacity, and other employment related benefits; loss of ability to perform household services; and all other losses and damages permitted by applicable law.

**Count III**
**Willful, Wanton, Reckless, Gross Negligence Claims against All Defendants**

34. Plaintiffs restate, reallege, and incorporate herein Paragraphs 1 through and including 33 above as if set forth fully herein.

35. Defendant Tina Grissom Evans' conduct in operating the commercial motor vehicle, and the conduct of McGuire Lumber and/or Canada Trucking in hiring, training, retaining, dispatching, entrusting, and/or supervising Tina Grissom Evans with a commercial motor vehicle and allowing and/or instructing her to operate that commercial motor vehicle, during extremely adverse and hazardous weather conditions with cargo that had not been properly distributed, adequately secured, and/or inspected constituted willful, wanton, reckless, and/or grossly negligent misconduct; a willful, wanton, and reckless disregard for the rights and safety of others; and a willful indifference and presumption of conscious indifference to the rights and safety of the motoring public, including Plaintiffs.

36. As a direct and proximate result of the willful, wanton, reckless, and/or grossly negligent acts and omissions of Tina Grissom Evans, McGuire Lumber, Canada Trucking, and/or their agents, Plaintiffs suffered in the past and/or may suffer in the future substantial and permanent injuries; pain of body and mind; mental anguish; emotional distress; loss of enjoyment of life; medical expenses; loss of wages, earning capacity, and other employment related benefits; loss of ability to perform household services; and all other losses and damages permitted by applicable law.

37. As a result of the foregoing, in addition to compensatory damages, Plaintiffs are entitled to recover and hereby seek punitive damages, so as to deter defendants and their drivers from committing the same or similar misconduct which endangers the general safety of the public, including Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants McGuire Lumber, Canada Trucking, and Tina Grissom Evans jointly and/or severally, individually and/or collectively, for compensatory damages and punitive damages in an amount deemed fair, just, and equitable by the Court, together with pre- and post-judgment interest, costs, and all such other and further relief as this Honorable Court deems just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON THE ISSUES OF LIABILITY AND DAMAGES.**

Respectfully submitted,

**MARIEL BLANKS AND CHE BLANKS,** *Plaintiffs*,

By counsel,

_____
Teena Y. Miller, Esq. (WVSB #8583)
GOLD, KHOUREY & TURAK, L.C.
510 Tomlinson Avenue
Moundsville, WV 26041
Phone: 304-845-9750
Fax: 304-845-1286
TYM@gkt.com
*Counsel for Plaintiffs*
*Che Blanks and Mariel Blanks*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHE BLANKS and MARIE BLANKS,

    Plaintiffs,

vs.                                             Civil Action No. 19-C-471

MCGUIRE LUMBER AND SUPPLY, INC.,
CANADA TRUCKING LLC and TINA
GRISSOM EVANS,

    Defendants.

## NOTICE OF APPEARANCE

Kindly enter the appearance of Timothy R. Smith, Esquire, Timothy A. Montgomery, Esquire, Julie A. Brennan, Esquire and Pion, Nerone, Girman, Winslow & Smith, P.C. on behalf of Defendants, McGuire Lumber and Supply, Inc. and Canada Trucking L.L.C., in the above-referenced matter.

                                        Respectfully submitted,

                                        PION, NERONE, GIRMAN, WINSLOW
                                        & SMITH, P.C.

                                        By: */s/ Julie A. Brennan*
                                        Timothy R. Smith, Esquire
                                        WV State Bar No. 6128
                                        tsmith@pionlaw.com
                                        Timothy A. Montgomery, Esquire
                                        tmontgomery@pionlaw.com
                                        WV State Bar No. 12034.
                                        Julie A. Brennan, Esquire
                                        jbrennan@pionlaw.com
                                        WV State Bar No. 11225

                                        1500 One Gateway Center
                                        420 Fort Duquesne Boulevard
                                        Pittsburgh, PA 15222
                                        Phone:    412-281-2288
                                        Fax:       412-281-3388

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all parties, via U.S. First-Class Mail and email, this 31st day of May, 2019, as follows:

Teena Y. Miller, Esquire
tym@gkt.com
Gold, Khourey & Turak, L.C.
510 Tomlinson Avenue
Moundsville, WV 26041
(Counsel for Plaintiffs)

PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.

By: *Julie A. Brennan*
Julie A. Brennan, Esquire